### 23500. WEATHERLY v. HATCHER et al.

DUCKWORTH, Chief Justice. This case is styled an extraordinary motion for new trial, or is, in effect, a petition to set aside a consent verdict and decree taken in a petition to cancel and set aside certain trust instruments, on the alleged grounds that a contingent remainderman in the interest in and to the trust property did not consent to the final decree sought to be set aside. The action is brought by this contingent remainderman who was a minor at the time of the filing of the suit, who as stated in the order appointing a guardian ad litem for him was served as a defendant, and became of age four months before the consent decree but failed to file any defensive

pleadings, the guardian ad litem having failed to file any pleadings for him. He alleges: (1) he did not agree to the consent decree, had no knowledge of it until several months thereafter, and immediately moved to set it aside; (2) other parties also having an interest in said trust properties did not consent to said decree; (3) the decree as entered into is detrimental and harmful to him in that it reduces the amount to which he might become entitled by inheritance should his contingency ever materialize; the decree was obtained by fraud; provided for payment of exorbitant attorney fees; and the same should be set aside and a new trial ordered. While the record is voluminous in testimony, it is indeed meager as to the action in which the decree was obtained, a jury trial on exceptions of fact of one of the parties to the findings of an auditor. However, a settlement was agreed upon by the parties, and the consent verdict and judgment resulted. *Held:*

While the record is not clear as to the rights of this defendant in this case since he failed to file exceptions to the auditor's report, and therefore would be bound by it, and he fails to allege how the final decree would change the auditor's report —and indeed his contingency in the property might never materialize—the trial court heard the entire evidence showing the appellant had actual knowledge of this suit, came of age four months before the decree he seeks to set aside, yet failed to file any pleadings or inquire into the status of the case; considered the conflicting testimony as to the settlement by counsel and their attorneys of record who testified, the evidence of the alleged fraud committed on another party, which was denied, and thereafter denied petitioner any of the relief sought. There is sufficient evidence to support the final judgment, and the enumeration of error complaining thereof is without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 13, 1966—DECIDED JUNE 23, 1966.

*Everett L. Almon,* for appellant.
*Will Ed Smith,* for appellees.